**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEPHANIE OREJEL, ) | **No. 08 C 0364** |
| ) | |
| Plaintiff, ) | Judge Kennelly |
| ) | |
| v. ) | Magistrate Judge Keys |
| ) | |
| UNKNOWN OFFICERS, and the CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND**
**JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City

of Chicago for its answer defenses and jury demand to plaintiff's complaint, states as follows:

**JURISDICTION**

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C.
§ 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and
this Court's supplementary jurisdiction powers.

**ANSWER:**     City admits the allegations contained in Paragraph 1.

**PARTIES**

2.     PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:**     City lacks knowledge or information sufficient to form a belief as to whether

Plaintiff is a resident of the State of Illinois and of the United States.

3.     The DEFENDANT OFFICERS were at all times relevant hereto employed by and
acting on behalf of the CITY OF CHICAGO.

**ANSWER:**     City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 3 because Plaintiff's Complaint does not

identify the "DEFENDANT OFFICERS."

4.     The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:**     City admits it is a duly incorporated municipal corporation.  City lacks

knowledge or information sufficient to form a belief as to the truth of the allegations

remaining in Paragraph 4 because Plaintiff's Complaint does not identify the

"DEFENDANT OFFICERS."

## FACTS

5.     On or about 12/8/07, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:**     City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 5.

6.     On or about 12/8/07, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:**     City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 6.

7.     The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

ANSWER:     City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 7.

8.     The DEFENDANT OFFICERS arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The

DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER:**    City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 8.

9.    On 12/8/07, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:**    City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 9.

10.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER:**    City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 10.

11.    On or about 12/8/07, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER:**    City admits that Plaintiff purports to bring this action with regard to the individual

capacity of the Defendant Officers.  City lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 11

because Plaintiff's Complaint does not identify the "DEFENDANT OFFICERS."

12.    Upon information and belief, UNKNOWN OFFICERS, on 12/8/07, came into physical contact with PLAINTIFF.

**ANSWER:**    City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 12.

3

## CONSPIRACY

13.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

        a.      agreeing to falsely arrest the PLAINTIFF;

        b.      using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

        c.      agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

        d.      agreeing not to report each other after falsely arresting PLAINTIFF;

        e.      generating false documentation to cover-up for their own and each other's misconduct;

**ANSWER:**     City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 13.

14.     In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about 12/8/07, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, inter alia, suffer injury and suffer emotionally.

**ANSWER:**     City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 14.

## COUNT I

### §1983 Excessive Force

15.     PLAINTIFF re-alleges paragraphs 1 - 14 as though fully set forth herein.

**ANSWER:**     City re-alleges its answers to Paragraphs 1 - 14 as though fully set forth herein.

16.     The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

4

**ANSWER:**    City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 16.

17.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

ANSWER:    City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 17.

## COUNT II

### §1983 False Arrest

18.    PLAINTIFF re-alleges paragraphs 1 - 14 as though fully set forth herein.

**ANSWER:**    City re-alleges its answers to Paragraphs 1 - 14 as though fully set forth herein.

19.    The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**    City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 19.

20.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:**    City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 20.

## COUNT III

### False Arrest - State Claim

21.     PLAINTIFF re-alleges paragraphs 1 - 14 as though fully set forth herein.

**ANSWER:**     City re-alleges its answers to Paragraphs 1 -14 as though fully set forth herein.

22.     The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

**ANSWER:**     City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 22.

23.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:**     City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 23.

## COUNT IV

### Battery - State Claim

24.     PLAINTIFF re-alleges paragraphs 1 -14 as though fully set forth herein.

**ANSWER:**     City re-alleges its answers to Paragraphs 1 -14 as though fully set forth herein.

25.     The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, Without consent and without justification.

**ANSWER:**     City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 25 .

26.    The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

**ANSWER:**    City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 26.

27.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and
proximate cause of the violations set forth above.

**ANSWER:**    City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 27.

## COUNT V

### § 1983 Conspiracy Claim

28.    PLAINTIFF re-alleges paragraphs 1 - 14 as though fully set forth herein.

**ANSWER:**    City re-alleges its answers to Paragraphs 1 -14 as though fully set forth herein.

29.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and
proximate cause of the violations of the United States Constitution, *inter alia* the Fourth
Amendment.

**ANSWER:**    City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 29.

## COUNT VI

### Conspiracy Claim - State Law

30.    PLAINTIFF re-alleges paragraphs 1 - 14 as though fully set forth herein.

**ANSWER:**    City re-alleges its answers to Paragraphs 1 -14 as though fully set forth herein.

31.    The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

**ANSWER:**    City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 31.

## COUNT VII

### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

32.    PLAINTIFF re-alleges paragraphs 1 - 14 as though fully set forth herein.

**ANSWER:**    City re-alleges its answers to Paragraphs 1 -14 as though fully set forth herein.

33.    Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:**    City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 33 because Plaintiff's Complaint does not identify

the "DEFENDANT OFFICERS".

34.    The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:**    City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 33 because Plaintiff's Complaint does not identify

the "DEFENDANT OFFICERS".

## COUNT VIII

### Supplementary Claim for Respondeat Superior

35.    PLAINTIFF re-alleges paragraphs 1 - 14 as though fully set forth herein.

**ANSWER:**    City re-alleges its answers to Paragraphs 1 -14 as though fully set forth herein.

36.    The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

ANSWER:    City states that Plaintiff's allegation that "the Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*" is a vague, incomplete and/or inaccurate statement of Illinois statutory and common law regarding municipal liability and therefore, the allegation is denied. City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 because Plaintiff's Complaint does not identify the "DEFENDANT OFFICERS".

## AFFIRMATIVE DEFENSES

1.    Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged in Plaintiff's Complaint because a public employee is not liable for his or her acts or omissions in the execution of enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.

2.    A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees.  *See Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997)

3.    Under the Illinois Tort Immunity Act, a public employee is not liable fo rinjury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause.  754 ILCS 10/2-208.

4.    Plaintiff has a duty to mitigate her damages, and any damages awarded to Plaintiff would be

required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

5.  To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, just be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  *See People of City of Rolling Meadows*, 167 I.ll.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (1995).

6.  If the Defendant Officers are not found liable to Plaintiff on any of his state claims, City is not liable to Plaintiff.  745 ILCS 10/2-109.

7.  Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

8.  Under Illinois law, the City is not liable for conduct committed by employees not acting within the scope of their employment.  *Wright v. City of Danville*, 174 Ill.2d 392, 221 Ill.Dec.203, 675 N.E.2d 110 (1996).

9.  Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.


WHEREFORE, City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## **JURY DEMAND**

The City respectfully request a trial by jury.

Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:    */s/ Joan P. Altman*
JOAN P. ALTMAN
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-2826 Office
(312) 744-3989 Fax

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE OREJEL, | ) | |
| | ) | No.     08 C 0364 |
| Plaintiff, | ) | |
| | ) | Judge Kennelly |
| v. | ) | |
| | ) | Magistrate Judge Keys |
| UNKNOWN OFFICERS, and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

    **PLEASE TAKE NOTICE** that on May 15, 2008 I have caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division the attached Defendant City of Chicago's Answers, Defenses and Jury Demand to Plaintiff's Complaint

    I hereby certify that on May 15, 2008, pursuant to Fed. R. Civ. P. 5 and the Northern District of Illinois' General Order on Electronic Case Filing, Sec. XI, I caused Defendant City of Chicago's Answers, Defenses and Jury Demand to Plaintiff's complaint to be filed electronically with the Clerk of Court through EM/ECF and that ECF will send an electronic notice of the filing to the following:

Blake W. Horwitz lobh@att.net
Amanda Sunshine Yarusso asyarusso@att.net
Erica E. Faaborg erica.lobh@gmail.com


                                        Respectfully submitted,

                                        MARA S. GEORGES,
                                        CORPORATION COUNSEL
                                        CITY OF CHICAGO

                        By:     _ /s/ Joan P. Altman _
                                        JOAN P. ALTMAN
                                        Assistant Corporation Counsel
                                        30 N. LaSalle St., Suite 1020
                                        Chicago, Illinois 60602
                                        (312) 744-2826 Office
                                        (312) 744-3989 Fax