IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE OREJEL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN OFFICERS, and the CITY OF CHICAGO,<br><br>    Defendants. | Judge Kennelly<br>Magistrate Judge Keys<br><br>No. 08-cv-364 |

## **MOTION TO COMPEL**

NOW COMES the Plaintiff, by and through Horwitz, Richardson, & Baker, LLC, and states the following:

The Plaintiff was sexually abused by a Chicago police officer. The police officer and his partner never identified themselves and never charged the Plaintiff. In order to ascertain the identity of the officers involved, the Plaintiff has, *inter alia*, propounded discovery and Requests to Admit to Defendant City of Chicago.

The Defendant City of Chicago responded to Plaintiff's Request to Admit (Exhibit A) and Interrogatories (Exhibit B). Defendant's responses to Plaintiff's Interrogatories are inadequate and therefore, pursuant to Federal Rule of Civil Procedure 37, Plaintiff moves this Court to enter an order compelling Defendant City of Chicago to provide responsive answers to Plaintiff's Interrogatories.

Defendant City of Chicago provided the following responses to Plaintiff's Requests to Admit Numbers eight and nine:

    8.     A City of Chicago Police Officer interacted with Plaintiff on December 8, 2007.

    Response:    City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

    9.     A City of Chicago Police Officer placed the Plaintiff in custody on December 8, 2007.

    Response:    Objection. "placed the Plaintiff in custody" is vague, ambiguous, and undefined. Subject to and without waiving this objection, City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

Regarding response to Request to Admit number eight, the Request requires the Defendant City of Chicago to undertake its own obligations to ascertain whether the statement is true, false, or in need of an explanation. Fed.R.Civ.Proc. 36. The same analysis applies with regards to Request to Admit number nine. Defendant City of Chicago's responses merely pay lip service to the requirements of the Rule 36.

Federal Rule of Civil Procedure 36 obligates an answering party, when claiming lack of knowledge as a response, to state that 1) a reasonable inquiry has been made and 2) that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.[1] "Reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997).

---

[1] The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Fed.R.Civ.Proc. 36(a)(4).

Plaintiff is not claiming that Defendant City of Chicago is in violation of the requirements of Rule 36. However, Defendant City of Chicago is obligated to interview its employees as part of its investigation. *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). This includes the obligation to interview individual officers of the Chicago Police Department. *Id*. Specifically, Officers and Supervisors scheduled to work in the district and area of the alleged incident should be interviewed. Plaintiff's Interrogatory number one requested information relative to these interviews and was propounded and answered as follows:

1. State the name and address of the individuals who had to be consulted for the purpose of answering these interrogatories as well as the Defendant who is answering.

Answer: City objects to this interrogatory as vague and ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. City further objects to the extent that this interrogatory seeks information protected by attorney client privilege and/or the work product doctrine. Subject to and without waiving these objections, the City states that its answers to these interrogatories were prepared with the assistance of the Office of Legal Affairs of the Chicago Police Department, 3510 S. Michigan Avenue, Chicago, Illinois, other unites of the Chicago Police Department, and other departments of the City. (Exhibit B).

Despite the requirements to investigate above, However, Counsel for Defendant City of Chicago, Joan Altman, indicated in a conversation with Counsel for Plaintiff, Blake Horwitz, that the investigation conducted consisted solely of speaking to individuals within the City of Chicago Department of Law (Exhibit C: Letter dated June 12, 2008; Exhibit D: Letter dated June 13, 2008).

First, it is clear there is confusion as to what investigation, if any, has occurred relative to determining the identity of the officers responsible for Plaintiff's abuse. Were

the City to conduct a detailed and thorough investigation, there would be some clarity as to what investigation has occurred. Further, the City indicates in their objection that Plaintiff's Interrogatory Number One seeks information that is protected by attorney-client privilege. However, Defendant City of Chicago cannot say this with certainty until it conducts interviews of Officers and Sergeants of the Chicago Police Department, which, according to their own statements, they have not (Exhibit C; Exhibit D). Lastly, Defendant's answer to Interrogatory Number One is non-responsive as it does not identify the individuals interviewed in regards to the instant case.

      Plaintiff's counsel has made multiple requests to Defense counsel regarding their failure to properly respond to Plaintiff's Interrogatory Number One. (Exhibit C; Exhibit D). To date, Defendant City of Chicago has refused to provide Plaintiff with the information requested relative to the individuals interviewed in connection with identifying the officers involved in the instant case.

      Defendant's continuing refusal to respond to Plaintiff's discovery request should not work to disadvantage the Plaintiff. For the foregoing reasons, Plaintiff asks this Court to enter and order compelling Defendant City of Chicago to provide a fully responsive answer to Plaintiff's Interrogatory Number One identifying the individuals interviewed in connection with preparing the discovery responses within seven days.

                            Respectfully Submitted,

                            s/Erica Faaborg
                            Erica Faaborg
                            Attorney for the Plaintiff

Horwitz, Richardson, & Baker, LLC.
20 S. Clark Street, Suite 500
Chicago, IL 60603