# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE OREJEL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-CV-364 |
| v. | ) | |
| | ) | Judge Kennelly |
| UNKNOWN OFFICERS, and the | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Keys |
| | ) | |
| Defendants. | ) | |

### DEFENDANT CITY OF CHICAGO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST TO ADMIT

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, submits the following objections and responses to plaintiff's request to admit.

### General Objection

The City objects to Plaintiff's Request to Admit as premature because defendants "Unknown Officers" have not been identified. Therefore, it is not clear whether the City is properly named as a defendant. Notwithstanding this objection, the City reserves the right to supplement or amend its responses should the "Unknown Officers" be identified as City of Chicago employees.

### Responses to Request to Admit

Subject to the General Objections above, City provides the following responses:

1. The municipality with which the Defendant Officer(s) are employed is obliged to indemnify the individual Defendant Officers for any award of compensatory damages and for any award of attorney's fees, respectively.

**RESPONSE:** Objection. This request to admit cannot be determined at this time. The City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny Request No. 1 because "the Defendant Officer(s)" have not been identified being employed by defendant City. Subject to this objection, the City admits that under the City's collective bargaining agreement with the Fraternal Order of

Police, the City is obligated to hold its officers harmless from any judgment for compensatory damages or attorneys' fees for acts occurring in the line of duty and within the scope of their employment, provided they cooperate in the defense of the action.

2. During the entire time period that a City of Chicago Police Officer interacted with the Plaintiff on December 8, 2007, the officer was acting pursuant to the custom of the police department for the Defendant Municipality as said custom relates to the amount of force permitted to be used by a police officer (upon another) while said officer is attempting to gain control, arrest and/or secure said person.

**RESPONSE:** Objection. "the entire time period," "interacted with Plaintiff" is vague, ambiguous, and undefined. The City further objects to this request as not relevant because plaintiff's complaint does not allege City's liability for alleged violations of plaintiff's constitutional rights under <u>Monell v. Dept of Social Servs of the City of New York</u>, 436 U.S. 658 (1984) or any other applicable law. Subject to and without waiving these objections, City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient to enable the City to admit or deny the remaining allegations of this paragraph.

3. During the entire time period that a City of Chicago Police Officer interacted with the Plaintiff on December 8, 2007, the officer was acting pursuant to the practice of the CITY OF CHICAGO Police Department as said practice relates to the use of force permitted to be used by a police officer upon another.

**RESPONSE:** Objection. "entire time period" and "interacted with the Plaintiff" is vague, ambiguous, and undefined. The City further objects to this request as not relevant because the alleged "CITY OF CHICAGO Police Department ("CPD") "practice" relating to the "use of force permitted to be used by a police officer upon another" is not at issue as plaintiff's complaint does not allege City's liability for alleged violations of plaintiff's constitutional rights

under Monell v. Dept of Social Servs of the City of New York, 436 U.S. 658 (1984) or any other applicable law. Subject to and without waiving these objections, City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

    4.    During the entire time period that a City of Chicago Police Officer interacted with the Plaintiff on December 8, 2007, the officer was acting pursuant to the written policy of the CITY OF CHICAGO Police Department as said policy relates to the use of force permitted to be used by a police officer upon another.

**RESPONSE:** Objection. "entire time period" and "interacted with the Plaintiff" is vague, ambiguous, and undefined. The City further objects to this request as not relevant because the alleged CPD "policy" relating to the "use of force permitted to be used by a police officer upon another" is not at issue as plaintiff's complaint does not allege City's liability for alleged violations of plaintiff's constitutional rights under Monell v. Dept of Social Servs of the City of New York, 436 U.S. 658 (1984) or any other applicable law. Subject to and without waiving this objection, City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

    5.    The custom, practice and/or policy that City of Chicago Police Officers acted pursuant to, while interacting with the Plaintiff on December 8, 2007, is the same custom, practice and/or policy that police officers for the CITY OF CHICAGO have been following for the 10 years preceding December 8, 2007 as said custom, practice and policy relate to the use of force permitted to be used by a police officer upon another.

**RESPONSE:** Objection. "interacting with the Plaintiff" is vague, ambiguous, and undefined. The City further objects to this request as not relevant because "City of Chicago Police Officer['] s" "practice and/or policy" related to "the use of force permitted to be used by a

-3-

police officer upon another" is not at issue because plaintiff's complaint does not allege the City's liability for alleged violations of plaintiff's constitutional rights under <u>Monell v. Dept of Social Servs of the City of New York</u>, 436 U.S. 658 (1984) or any other applicable law. Subject to and without waiving this objection, City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

6. The conduct of the City of Chicago Police Officer on December 8, 2007 is consistent with the custom, practice and/or policy of the CITY OF CHICAGO Police Department as that custom, practice and/or policy has been undertaken by police officers for said Police Department for 10 years preceding December 8, 2007 as said custom, practice and policy relates to the use of force permitted to be used by a police officer upon another.

**RESPONSE:** Objection. This request is not relevant because the alleged CPD's "custom, practice and/or policy" relating to "the use of force permitted to be used by a police officer upon another" is not at issue because plaintiff's complaint does not allege the City's liability for alleged violations of plaintiff's constitutional rights under <u>Monell v. Dept of Social Servs of the City of New York</u>, 436 U.S. 658 (1984) or any other applicable law. Subject to and without waiving this objection, the City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

7. During the entire time period that a City of Chicago Police Officer interacted with the Plaintiff on December 8, 2007, the City of Chicago Police Officer was acting within the scope of his duties as a police officer for the CITY OF CHICAGO Police Department.

**RESPONSE:** Objection. "interacted with the Plaintiff" is vague, ambiguous, and undefined. City states it has made reasonable inquiry into the information known or readily

-4-

available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

8. A City of Chicago Police Officer interacted with the Plaintiff on December 8, 2007.

**RESPONSE:** City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

9. A City of Chicago Police Officer placed the Plaintiff in custody on December 8, 2007.

**RESPONSE:** Objection. "placed the Plaintiff in custody" is vague, ambiguous, and undefined. Subject to and without waiving this objection, City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

10. A City of Chicago Police Officer arrested the Plaintiff on December 8, 2007.

**RESPONSE:** Objection. "arrested the Plaintiff" is vague, ambiguous, and undefined. Subject to and without waiving this objection, City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

11. During the entire time period that a City of Chicago Police Officer interacted with the Plaintiff on December 8, 2007, the officer was acting pursuant to the custom of the CITY OF CHICAGO Police Department as said custom relates to a determination of probable cause to arrest and/or reasonable suspicion to stop and/or search another.

**RESPONSE:** Objection. "interacted with the Plaintiff" is vague, ambiguous, and undefined. Answering further, this request is not relevant because the alleged CPD's "custom", relating to "a determination of probably cause to arrest and/or reasonable suspicion to stop and/or search another" is not at issue because plaintiff's complaint does not allege the City's liability for alleged violations of plaintiff's constitutional rights under <u>Monell v. Dept of Social Servs of the City of New York</u>, 436 U.S. 658 (1984) or any other applicable law. Subject to and without waiving this objection, the City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

12. During the entire time period that a City of Chicago Police Officer interacted with the Plaintiff on December 8, 2007, the officer was acting pursuant to the practice of the CITY OF CHICAGO Police Department as said practice relates to a determination of probable cause to arrest and/or reasonable suspicion to stop and/or search another.

**RESPONSE:** Objection. "interacted with the Plaintiff" is vague, ambiguous, and undefined. Answering further, this request is not relevant because the alleged CPD "practice" relating "to a determination of probable cause to arrest and/or reasonable suspicion to stop and/or search another" is not at issue as plaintiff's complaint does not allege City's liability for alleged violations of plaintiff's constitutional rights under <u>Monell v. Dept of Social Servs of the City of New York</u>, 436 U.S. 658 (1984) or any other applicable law. Subject to and without waiving this objection, City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

13.     During the entire time period that a City of Chicago Police Officer interacted with the Plaintiff on December 8, 2007, the officer was acting pursuant to the written policy of the CITY OF CHICAGO Police Department as said policy relates to a determination of probable cause to arrest and/or reasonable suspicion to stop and/or search another.

**RESPONSE**: Objection. "interacted with the Plaintiff" is vague, ambiguous, and undefined. Answering further, this request is not relevant because the alleged CPD "written policy" relating to custom, practice and/or policy" relating to relating "to a determination of probable cause to arrest and/or reasonable suspicion to stop and/or search another" is not at issue as plaintiff's complaint does not allege City's liability for alleged violations of plaintiff's constitutional rights under Monell v. Dept of Social Servs of the City of New York, 436 U.S. 658 (1984) or any other applicable law. Subject to and without waiving these objections, City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

14.     The custom, practice and/or policy that City of Chicago Police Officer acted pursuant to, while interacting with the Plaintiff on December 8, 2007, is the same custom, practice and/or policy that police officers for the CITY OF CHICAGO have been following for the 10 years preceding December 8, 2007 as said custom, practice and policy relate to a determination of probable cause to arrest and/or reasonable suspicion to stop and/or search another.

**RESPONSE**: Objection. "interacted with the Plaintiff" is vague, ambiguous, and undefined. Answering further, this request is not relevant because the alleged CPD "custom, practice and/or policy" relating "to a determination of probable cause to arrest and/or reasonable suspicion to stop and/or search another" is not at issue as plaintiff's complaint does not allege City's liability for alleged violations of plaintiff's constitutional rights under Monell v. Dept of Social Servs of the City of New York, 436 U.S. 658 (1984) or any other applicable law. Subject

-7-

to and without waiving this objection, City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

15. The conduct of the City of Chicago Police Officer on December 8, 2007 is consistent with the custom, practice and/or policy of the CITY OF CHICAGO Police Department as that custom, practice and/or policy has been undertaken by police officers for said Police Department for 10 years preceding December 8, 2007 as said custom, practice and policy relates to a determination of probable cause to arrest and/or reasonable suspicion to stop and/or search another.

**RESPONSE:** Objection. This request is not relevant because the alleged CPD "custom, practice and/or policy" relating "to a determination of probable cause to arrest and/or reasonable suspicion to stop and/or search another" is not at issue as plaintiff's complaint does not allege City's liability for alleged violations of plaintiff's constitutional rights under Monell v. Dept of Social Servs of the City of New York, 436 U.S. 658 (1984) or any other applicable law. Subject to and without waiving this objection, City states it has made reasonable inquiry into the information known or readily available to it, and such information is insufficient for it to admit or deny the allegations of this paragraph.

Respectfully Submitted,

MARA S. GEORGES
Corporation Counsel of the
City of Chicago

BY: *[signature]*
MEGAN K. McGRATH
Assistant Corporation Counsel

Federal Civil Rights Litigation Division
30 N. LaSalle Street, Suite 1020
Chicago, IL 60602 (312) 744-8369

-8-

## CERTIFICATE OF SERVICE

I, Megan K McGrath, an attorney, certify that I caused copies of this notice and the attached document to be served on Horwitz, Richardson, and Baker LLC 20 South Clark Street, Suite 500 Chicago, Illinois 60602, by hand delivery this 16th day of May, 2007.

                        Respectfully submitted,

                        MARA S. GEORGES
                        Corporation Counsel of the City of Chicago

BY: _Megan K. McGrath_
                        Megan K. McGrath
                        Assistant Corporation Counsel

30 North LaSalle Street, Room 1020
Chicago, Illinois 60602
(312) 742-3541
(312) 744-3989 Fax
Attorney No. 06288408

-9-