# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE OREJEL, | ) |
| | ) |
| Plaintiff, | ) No. 08-CV-364 |
| v. | ) |
| | ) Judge Kennelly |
| UNKNOWN OFFICERS, and the | ) |
| CITY OF CHICAGO, | ) Magistrate Judge Keys |
| | ) |
| Defendants. | ) |

## DEFENDANT CITY OF CHICAGO'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, submits the following objections and answers to plaintiff's interrogatories.

### General Objection

City objects to Plaintiff's Interrogatories as premature because defendants "Unknown Officers" have not been identified. Therefore, it is not clear whether City is properly named as a defendant. Further, defendant City has not answered plaintiff's complaint. Notwithstanding these objections, City reserves the right to supplement or amend its answers should the "Unknown Officers" be identified as City of Chicago employees.

### Responses to Plaintiffs' Interrogatories

Subject to the General Objection above, City provides the following answers:

1. State the name and address of the individuals who had to be consulted for the purpose of answering these interrogatories as well as the Defendant who is answering.

**ANSWER:** City objects to this interrogatory as vague and ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. City further objects to the extent that this interrogatory seeks information protected by attorney client privilege and/or the work product doctrine. Subject to and without waiving these objections, the City states that its answers to these interrogatories were prepared with the assistance of the Office of Legal Affairs of the

Chicago Police Department, 3510 S. Michigan Avenue, Chicago, Illinois, other units of the Chicago Police Department, and other departments of the City.

2. Identify all persons with knowledge of the events described in the Complaint, and the categories of facts known to each person so identified. Further, state the name, last known address, social security number and last known phone number of each individual who spoke with Plaintiff, identifying the substance of each discussion, regarding the events described in the Complaint and/or witnessed and/or claims to have witnessed Plaintiff (a) within 24 hours prior to the Defendant Officer(s) having interacted with the Plaintiff; (b) while the Defendant Officer(s) interacted with the Plaintiff; and c) within 24 hours after the Defendant Officer(s) interacted with the Plaintiff.

**ANSWER:** The City objects to this interrogatory as vague and ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to the production of personal information for City employees as it is neither relevant to any fact that is of consequence to the present litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence. Such personal information, if disclosed, presents a safety concern to the individuals involved. The City further objects to this interrogatory as calling for information outside the City's scope of knowledge that may be in the scope of knowledge of third parties. Subject to and without waiving these objections, City states that it does not possess any information responsive to this interrogatory. Investigation continues.

3. Specifically identify any and all statements taken regarding the incident alleged in the Complaint. In that connection, please state the date the statement was taken and the name of the interviewer. Identify whether the individual who provided a statement did so under coercion and/or pressure from any person. With regard to the individuals whose statements were taken, identify the name, last known address, social security number and last known phone number of each individual. Pursuant to the Federal Rules of Civil Procedure, please produce these statements. Further, here, statement refers to any communication whatsoever (summary of

conversation, written statements, telephonic statements, radio transmissions and/or recordings of any type, concerning the Plaintiff, the Defendant(s), witnesses, 911 calls, etc.).

**ANSWER:** The City objects to this interrogatory as vague and ambiguous (e.g. "any and all statements taken in this matter, of any individuals at any time..."), overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The City further objects to this interrogatory as calling for speculation as to information that is in the possession of third parties, harassing, and seeking information that, if disclosed, would infringe on attorney-client and attorney-work product privileges. The City also objects to the production of personal information for City employees as it is neither relevant to any fact that is of consequence to the present litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence. Such personal information, if disclosed, presents a safety concern to the individuals involved. Subject to and without waiving these objections, City states that it does not possess any information responsive to this interrogatory. Investigation continues.

4.　　Please state the criminal history of each and every witness referred to in these interrogatories. Provide the criminal history of the Plaintiff, if any. Pursuant to the Federal Rules of Civil Procedure, tender their "RAP" sheet.

**ANSWER:** The City objects to this interrogatory because it is vague and ambiguous (e.g. "each and every witness referred to in these interrogatories"), overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information equally available to Plaintiff, and calls for information that is in the possession of third parties. Subject to and without waiving these objections, the City states that it does not possess any information responsive to this interrogatory, but has

-3-

ordered Plaintiff's arrest reports from other jurisdictions, and will produce them upon receipt. Investigation continues.

5. Identify the name(s) of all officer(s) involved in the arrest of the Plaintiff.

**ANSWER:** The City objects to this interrogatory as vague and ambiguous ("involved" and "arrest"), overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the City states that it does not possess any information responsive to this interrogatory, but has ordered Plaintiff's arrest reports from other jurisdictions, and will produce them upon receipt. Investigation continues.

6. Produce the personnel file(s) of the officer(s) identified in the answer to Interrogatory No. 5. Identify the supervisory individual in possession of said personnel file(s).

**ANSWER:** The City objects to this interrogatory because it is unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and the City further objects to production of these files. Police officer personnel files maintained by the Chicago Police Department containing such documents as the officer's application for employment, insurance information, financial information, and other personal information, such as home address and designation of beneficiary. Subject to and without waiving these objections, City states that it does not possess any information responsive to this interrogatory. Investigation continues.

7. Describe all educational requirements for appointment as a police officer in the CITY OF CHICAGO. Further identify and describe the training or experience required for appointment as a police officer, and itemize all literature and/or memoranda used at any time for

-4-

that purpose. Pursuant to the Federal Rules for the Production of Documents, produce any and all documents in your possession in connection with this interrogatory.

**ANSWER**: The City objects to this interrogatory as vague and ambiguous, overly broad (e.g. "all educational requirements for appointment as a police officer...all literature and/or memoranda used at any time for the purpose ..."), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the City states that Chicago police officers receive training at the Chicago Police Education and Training Academy as a requirement for appointment as a Chicago police officer. The minimum educational requirements for Chicago Police Officers are set forth in Department Notice 93-28 (enclosed, Bates stamped City 0001-0003). The City stands on its objections to the remainder of this interrogatory.

8.  State the name, last known phone number, social security number and last known address of any individual who states that they have been forced, coerced and/or pressured to give a statement and/or communication of any kind (sworn or un-sworn) by any individual in this cause. State the names of all individuals who received this information as well as the dates such information was provided. Further, state the name of the individual alleged to have forced, coerced and/or pressured of any of these individuals.

**ANSWER**: The City objects to this interrogatory as vague and ambiguous (e.g. "any and all individuals who state that they have been forced, coerced and/or pressured to give a statement and/or communication of any kind..."), overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the City states that it has no information responsive to this interrogatory.

-5-

9.　　Identify any and all active (meaning, in force on December 8, 2007) documentation, paperwork, memoranda regarding the proper procedure to be utilized by an officer of the Defendant Municipality in connection with probable cause to arrest another, the manner in which an officer is to arrest another, use of force against another, including proper use of force concerning handcuffing techniques, and general handcuffing procedures. Further, provide the same information for individuals who have not committed a crime and/or are not under suspicion of a crime. If the Defendant(s) are going to tender documents in connection with this interrogatory, please identify the documents so that there is no confusion as to what has been produced.

**ANSWER:** **The City objects to this interrogatory as vague and ambiguous (e.g. "information for individuals who have not committed a crime and/or not under suspicion of a crime."), overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the City objects to this interrogatory as not relevant because plaintiff's complaint does not allege the City is liable under <u>Monell v. Dept of Social Servs of the City of New York</u>, 436 U.S. 658 (1984) or any other law that would implicate City's alleged "procedure to be utilized by an officer of the [City] in connection with the probably cause to arrest another, the manner in which an officer is to arrest another, use of force against another including proper use of force concerning handcuffing techniques and general handcuffing procedures."**

10.　　For each individual identified in Defendant(s)' Rule 26(a) Disclosures [10], Category A, or required to be disclosed pursuant to F.R.C.P. 26(a), provide a summary of the discoverable information known by such person and provide the following:
  a. if interviewed in connection with this case, the date of the interview;
  b. the name and address of the person who conducted the interview;
  c. whether a statement as defined by Rule 26(b)(3) was obtained in connection with this case.

---

[10] If Defendant(s) have not complied with Rule 26, please comply, or alternatively, if this case is pending before a judge and/or jurisdiction where compliance is not obliged, then please provide an answer in this connection pursuant to the Federal Rules of Civil Procedure.

**ANSWER:** The City objects to this interrogatory to the extent that it assumes the City has made, or is required to make, disclosures pursuant to Fed. R. Civ. P. 26(a). The City also objects to this interrogatory as vague and ambiguous (e.g. "a summary of the discoverable information known by such person ..."), overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calling for the production of information protected by attorney-client and attorney work-product privileges, and calling for the production of information in the possession of third parties, and calling for information better elicited at deposition.

11. With regard to the custom, practice and/or written policy of the police department of the Defendant Municipality, please provide the following:

   a. Identify the name of any Defendant Officer who on December 8, 2007 deviated from the custom and/or practice and/or policy of the police department for the Defendant Municipality, while said officer touched the body of the Plaintiff. By way of clarification, the custom, practice and policy referred to is that which relates to the use of force that an officer uses on an arrestee[11]. Identify the specific act(s) that the officer engaged in that was inconsistent with said custom, practice and/or written policy of the police department for the Defendant Municipality. Identify the custom, practice and/or written policy that the Defendant Officer deviated from (did not follow) on December 8, 2007.

   b. Identify the 30(b)(6) witness who is most knowledgeable of the custom and/or practice and/or written policy that any Defendant Officer followed and/or did not follow on December 8, 2007, while the officer interacted with and/or had a physical altercation with the Plaintiff on December 8, 2007, as well as the 30(b)(6) witness most knowledgeable as to the custom, practice and written policy of the 867 as same relates to the { use of force that police officers are to effectuate upon people in their custody.

---

[11] The use of force in this context can be for purposes of self-defense, arrest, gaining control of the arrestee.

-7-

      c.      Identify the custom, practice and written policy that the Defendant Officer(s) followed on December 8, 2007 while the officer(s) interacted with the Plaintiff on December 8, 2007.

**ANSWER:** The City objects to this interrogatory because it is not relevant as plaintiff's complaint does not allege the City is liable under <u>Monell v. Dept of Social Servs of the City of New York</u>, 436 U.S. 658 (1984) or any other law that would implicate an alleged "custom, practice and/or written policy of the police department" relating to "the use of force that an officer uses on an arrestee/"

12. Identify and/or describe any changes (within the last 5 years) that have been made relative to the custom, practice and/or policy concerning the nature and/or amount of force an officer is to use to effectuate and arrest and/or place an individual into custody. Indicate the date of any changes and/or modifications, the nature of the modifications and the name(s) of the senior supervisory officers/individuals who participated in the generation of the modifications.

**ANSWER:** The City objects to this interrogatory as vague and ambiguous ("any changes" and not relevant as plaintiff's complaint does not allege the City is liable under <u>Monell v. Dept of Social Servs of the City of New York</u>, 436 U.S. 658 (1984) or any other law that would implicate an alleged "custom, practice and/or policy concerning the nature and/or amount of force an officer is to use to effectuate and arrest and/or place an individual into custody."

13. Please provide the cell phone number of each Defendant Officer on the date of the incident as well as name of the cell phone provider.

**ANSWER:** The City objects to this interrogatory to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. City further objects to this interrogatory as harassing. Subject to and

-8-

without waiving these objections, City states that it does not possess any information responsive to this interrogatory. Investigation continues.

14. For each year since January 1, 2000 list the number of Internal Affairs, Office of Professional Standards and/or criminal investigations, complaints, claims or incident reports in which an officer of the CITY OF CHICAGO has been alleged to have:
   a. made an unlawful arrest (that is without probable cause);
   b. used excessive force;
   c. falsified a police report;
   d. committed a theft;
   e. consumed alcohol on duty;
   f. covered up the misconduct of a fellow officer;
   g. engaged in a code of silence to protect a fellow officer.

For each year list the number of those investigations, complaints, claims or incident reports in which there was finding by an agency of the CITY OF CHICAGO where the complaint was sustained (meaning a finding that there was sufficient evidence to determine that the officer committed the alleged activity). For each such complaint in which a lawsuit was filed, list the name and case number of the lawsuit, describe the outcome of the lawsuit and if settled, the dollar amount of the settlement.

ANSWER: The City objects to this interrogatory as vague and ambiguous (e.g. "claims or incident reports" "covered up the misconduct..." "engaged in a code of silence..."), overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calling for information and documents not maintained in the regular course of business, calling for information equally available to plaintiff, and harassing. Subject to, and without waiving these objections, the City refers plaintiff to the Chicago Police Department Annual Reports, available via the internet at http://www.cityofchicago.org/police. The City stands on these objections to the remainder of this interrogatory.

15. For the ten year period prior to the date of the incident alleged in this cause, identify the total number of complaints (formal/informal, written, through internal affairs, lawsuits, etc...) that have been lodged against officer [sic] for the Defendant Municipality officers for misconduct alleged to have occurred on and/or off duty. In that connection, indicate the total number of allegations that were sustained for each year, the total number that were not sustained and the total number for which there was insufficient evidence (also provide any other category used by the Defendant Municipality to identify that manner in which a police misconduct investigations has been resolved). If there was a settlement and/or jury verdict, the amount of said verdict and/or settlement. Below is an example

| Officer Name | Year | Total Number of Complaints | Sustained | Not Sustained | Insufficient Evidence | Settlement/Jury Verdict Amounts |
|---|---|---|---|---|---|---|
| Officer X | 1999 | 10 | 1 | 9 | 0 | $5,000.00, etc. |

**ANSWER:** The City objects to this interrogatory as vague and ambiguous ("complaints" "misconduct"), overly broad, unduly burdensome to the extent that it seeks "the total number of complaints (formal/informal, written, through internal affairs, lawsuits, etc...) that have been lodged against officer [sic]" for a "ten-year period". The City further objects because this interrogatory is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, is harassing and seeks information that is confidential.

Respectfully Submitted,

MARA S. GEORGES
Corporation Counsel of the
City of Chicago

BY: *[signature]*
MEGAN McGRATH
Assistant Corporation Counsel

Federal Civil Rights Litigation Division
30 N LaSalle Street, Suite 1020

-10-

Chicago, IL 60602
(312) 744-8369

## CERTIFICATE OF SERVICE

I, Megan K McGrath, an attorney, certify that I caused copies of this notice and the attached document to be served on Horwitz, Richardson, and Baker LLC
20 South Clark Street, Suite 500 Chicago, Illinois 60602, by hand delivery this 16th day of May, 2008.

> Respectfully submitted,
>
> MARA S. GEORGES
> Corporation Counsel of the City of Chicago
>
> BY: *[signature]*
> Megan K. McGrath
> Assistant Corporation Counsel

30 North LaSalle Street, Room 1020
Chicago, Illinois 60602
(312) 742-3541
(312) 744-3989 Fax
Attorney No. 06288408

-11-